UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. MONFORD,

    Petitioner,

v.                                                                            Case No. 05-CV-73959-DT

JAN TROMBLEY,

    Respondent,
                                                   /

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Michael T. Monford, ("Petitioner"), presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, through counsel, Petitioner challenges his conviction for second-degree murder.[1] For the reasons stated below, the petition for writ of habeas corpus will be denied.

**I. BACKGROUND**

Petitioner was originally charged with one count of first-degree premeditated murder and two counts of first-degree felony murder. Petitioner and his two co-defendants, Jeffrey Holmes and Junious Hall, were tried jointly but with separate juries in the Wayne County Circuit Court. Petitioner was convicted of the lesser included offense of second-degree murder. The court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming

---

[1] Mich. Comp. Laws § 750.317; Mich. Stat. Ann. 28.549.

1

his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> In this case, the victim employed defendants to renovate a house. On one occasion, he went to the home and they shot and beat him. They restrained him and made a recording of his voice in which he instructed his wife to pay them $150,000. Some or all of the defendants disposed of his body in a dumpster, which was emptied with [defendant] Hall's other trash during trash pickup the following day. Each of the defendants made statements to the police, in which they admitted being present when the victim was first attacked, but providing conflicting accounts of their roles in the killing. Defendants Monford and Holmes also discussed the killing with other individuals.
>
> *People v. Monford,* No. 247159, * 2 (Mich. Ct. App. February 3, 2004).

Petitioner's conviction was affirmed on appeal. *Id., leave to appeal denied at* 683 N.W. 2d 674 (Mich. 2004).

Petitioner has now filed an application for habeas relief, in which he seeks habeas relief on the following grounds:

> I. The Petitioner's 5th and 14th Amendment rights to the due process of law and 6th Amendment right to a fair trial were violated by the state trial court's denial of his motion to excuse several biased and partial jurors for cause.
>
> II. The Petitioner's 5th and 14th Amendment rights to the due process of law and 6th Amendment right to a fair trial were violated by the state trial court's erroneous jury instructions.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

#### A. Claim # 1. The impartial jury claim.

Petitioner first alleges that he was forced to use up all of his peremptory challenges to excuse biased jurors who should have been excused by the trial court for cause. Petitioner further alleges that the trial court failed to excuse a biased juror for cause after Petitioner had exhausted all of his peremptory challenges.

The Sixth Amendment right to a jury trial guarantees a criminal defendant a fair trial by a panel of impartial jurors. *See, e.g. Smith v. Phillips*, 455 U.S. 209, 217

(1982). However, a defendant's right to a fair and impartial jury is not denied or impaired when he chooses to use a peremptory challenge to remove a juror who should have been removed for cause. Unlike the Sixth Amendment right to an impartial jury, peremptory challenges are not of federal constitutional dimension. *See United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000). "[S]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean that the Sixth Amendment was violated." *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988); *accord Martinez-Salazar*, 528 U.S. at 313-14. Therefore, the fact that Petitioner had to use peremptory challenges to exclude jurors who should have been removed for cause would not entitle Petitioner to habeas relief. *See e.g. Bowling v. Parker,* 344 F. 3d 487, 521 (6th Cir. 2003). It is not enough for a defendant to show that the decision not to exclude a juror for cause was improper. A defendant must also show that the jury selected was biased. *See Ross*, 487 U.S. at 83-85; *Hill v. Brigano*, 199 F. 3d 833, 844-45 (6th Cir. 1999).

Petitioner claims that one remaining juror, Yvonne Nimman, should have been excused for cause because she indicated that she might have difficulty finding Petitioner not guilty if the state proved four out of five elements of the charged crime beyond a reasonable doubt, but she had a "slight doubt" as to the last element.

As an initial matter, it is not at all clear that Petitioner's counsel indicated at the time of *voir dire* that he sought to excuse Ms. Nimman for cause. Although Petitioner's counsel questioned Ms. Nimman extensively at the time, counsel appear never to have expressly asked that Ms. Nimman be excused for cause. (Tr. 4/11/2002, pp. 211-220). Petitioner claims that he made an objection to Ms. Nimman sitting on the jury at the

end of the proceedings that day. (*Id.* at p. 249). However, counsel's objection appears to have referred only to the nine jurors that he was "forced" to remove peremptorily after the trial court refused to excuse them for cause. The objection does not mention Ms. Nimman.

Assuming that Petitioner properly preserved his challenge to Ms. Nimman, he would still not be entitled to habeas relief. Although Ms. Nimman initially indicated that she "might" have a hard time finding Petitioner not guilty if the prosecutor proved four elements of the crime beyond a reasonable doubt but she had a "slight doubt" with regard to the fifth element, upon further questioning by defense counsel, Ms. Nimman indicated several times that she would "certainly follow the law" and would have no problem returning a not guilty verdict if the prosecution failed to prove one of the elements of the crime beyond a reasonable doubt. (*Id.* at pp. 216-17). Although a trial judge has a duty to dismiss a prospective juror who cannot follow the law, *See Franklin v. Anderson,* 434 F. 3d 412, 428 (6th Cir. 2006); *cert. den. sub nom Houk v. Franklin,* --- S.Ct. ---; 2007 WL 37590 (U.S. Jan. 9, 2007), this is not a case in which the juror repeatedly "gave the definite impression that she could not faithfully apply the law concerning the burden of proof because she failed to understand it. "*Id.* at 427, nor is this a case where the juror indicated that it would be "difficult" for her to acquit Petitioner. *See Wolfe v. Brigano,* 232 F. 3d 499, 501-03 (6th Cir. 2000). By contrast, Juror Nimman clearly and–in the end–unequivocally indicated that she would have no problem finding Petitioner not guilty if the prosecutor failed to prove one of the elements of the crime or crimes charged beyond a reasonable doubt. Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The jury instruction claims.

Petitioner also contends that he was deprived of a fair trial because of instructional error. Petitioner first claims that he was deprived of a fair trial when the trial court failed to re-instruct the jury on aiding and abetting when the jury asked to be re-instructed on the elements of the crimes charged. Petitioner also claims that the trial court erred in instructing the jury, upon the prosecutor's request, that duress is not a defense to murder even though Petitioner did not raise a duress defense at trial.

Respondent contends that the first part of Petitioner's claim is procedurally defaulted because Petitioner failed to preserve this claim by objecting at the trial court level. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the court finds that the interests of judicial economy are best served by addressing the merits of these claims.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the

6

instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). If a jury instruction is merely ambiguous and not necessarily erroneous, "[i]t can run afoul of the Constitution only if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 764 (E.D. Mich. 2004).

Petitioner first claims that the trial court erred in failing to re-instruct the jury on the concept of aiding and abetting after the jury asked to be re-instructed on the elements of the various crimes charged. Where a jury, desiring additional instructions, makes explicit its difficulties, a trial judge should clear them away with concrete accuracy. *Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946). However, a trial court is also entitled to exercise its sound discretion in deciding how best to respond to inquiries made by a jury during its deliberations. *See United States v. Brown*, 276 F. 3d 211, 216 (6th Cir. 2002). No error need be found where a supplemental charge is responsive to the jury's specific request for clarification. *Whiting v. Burt,* No. 2006 WL 381647, *7 (E.D. Mich. Feb 16, 2006). Even where error is found, reversal is not automatically warranted because the error must be assessed in the context of both the original and supplemental instructions as a whole. *Id.* In the present case, the trial court's supplemental instructions were responsive to the jury's inquiries. Therefore, petitioner is not entitled to habeas relief on his claim that the trial court failed to re-instruct the jury on the concept of aiding and abetting, particularly in light of the trial

court's original instructions to the jury regarding the burden of proof, presumption of innocence, and aiding and abetting. *Id.*

With respect to Petitioner's other instructional error claim, the Michigan Court of Appeals found that the duress instruction was indeed appropriate in light of Petitioner's theory of the case, which stressed Petitioner's fear of the co-defendants, his statements that the co-defendants made Petitioner tie the victim up, that he could not get away from the co-defendants, and that one of the co-defendants had threatened him. *People v. Monford,* Slip. Op. at * 7.

Duress is not a defense to murder in Michigan. *See People v. Dittis,* 403 N. W. 2d 94, 95 (Mich. Ct. App. 1987); *see also Gimotty v. Elo,* 40 Fed. Appx. 29, 32 (6th Cir. 2002). The trial court's instruction that duress is not a defense to murder was correct did not deprive Petitioner of a fair trial in light of the fact that it was an accurate reflection of Michigan law. Moreover, in light of the fact that there was some evidence presented at trial in that Petitioner suggested that he was forced by his co-defendants to participate in the murder, it was not unreasonable for the trial court to agree with the prosecutor's request to instruct the jury that duress is not a defense to murder. *See e.g. McLaughlin v. Renico,* No. 2006 WL 3313755, * 17-18 (E.D. Mich. Nov. 13, 2006) (not unreasonable for trial court to grant prosecutor's request to instruct jury that intoxication not a defense to first-degree criminal sexual conduct charge, where jury instruction relevant to the evidence presented at trial). Petitioner is not entitled to habeas relief on his claim.

### IV.  CONCLUSION

IT IS ORDERED that the Petitioner's October 14, 2005 "Petition for Writ of Habeas Corpus" [Court Docket Entry # 1] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73959.MONFORD.deny.db.2.wpd