**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL T. MONFORD,

    Petitioner,

v.                                            Case No. 05-CV-73959-DT

JAN TROMBLEY,

    Respondent,
                                             /

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

On January 29, 2007, the court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  On March 9, 2007, the court granted Petitioner an extension of time to file a notice of appeal.  On March 30, 2007, Petitioner's counsel filed a notice of appeal, which is construed as a request for a certificate of appealability.[1]  For the reasons stated below, the the court will deny Petitioner a certificate of appealability.

**I.  STANDARD**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability

---

[1] See Luberda v. Trippett, 211 F.3d 1004, 1006 (6th Cir. 2000).

1

shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

## II. DISCUSSION

### A. Claim # 1: The Impartial Jury Claim

Petitioner first alleged that he was forced to use all of his peremptory challenges to excuse biased jurors who should have been excused by the trial court for cause. Petitioner further claimed that the trial court failed to excuse a biased juror for cause after Petitioner had exhausted all of his peremptory challenges. The court rejected this claim, because peremptory challenges are not of federal constitutional dimension and Petitioner had failed to show, for reasons stated in greater detail in the original opinion and order, that any biased jurors sat on his jury. The court declines to issue a certificate of appealability on this claim because jurists of reason would not find the court's

assessment of Petitioner's claim to be debatable.

## B.  Claim # 2:  The Jury Instruction Claims

Petitioner next contended that he was deprived of a fair trial because of instructional error.  Petitioner argued that the trial court erred in failing to re-instruct the jury on the concept of aiding and abetting after the jury asked to be re-instructed on the elements of the various crimes charged.  The court rejected this claim, because the trial court's supplemental instructions were responsive to the jury's inquiries.

The court also rejected Petitioner's second claim that the trial court erred in instructing the jury that duress is not a defense to murder, in light of the fact that the instruction was an accurate reflection of Michigan law and the prosecution's request for such an instruction was supported by the evidence.  The court declines to issue a certificate of appealability on his instructional error claims because jurists of reason would not find the court's assessment of Petitioner's claims to be debatable.

## III.  CONCLUSION

Based upon the foregoing, IT IS ORDERED that a certificate of appealability is DENIED.[2]

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2007, by electronic and/or ordinary mail.

---

[2]  It is unnecessary for the court to issue a ruling on whether Petitioner should be granted leave to appeal *in forma pauperis,* in light of the fact that Petitioner paid the $ 455.00 filing fee for an appeal on April 11, 2007. [Dkt. Entry # 31].

3

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522